IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PRINCELLA BOWLES,            )
                             )
         Plaintiff,          )
                             )
    v.                       )   No. 15 C 4991
                             )
RECEIVABLES PERFORMANCE,     )
MANAGEMENT, LLC, et al.      )
                             )
         Defendants.         )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Receivables Performance Management, LLC's (RPM) motion to compel arbitration. For the reasons stated below, the motion to compel arbitration is granted.

## BACKGROUND

In February 2011, Plaintiff Princella Bowles (Bowles) allegedly opened a wireless internet service account with Clearwire, Inc. (Clear Account). Clear is allegedly owned by Sprint Corporation (Sprint). In June 2012, Bowles allegedly opened a telephone account with Sprint (Sprint Account). In September 2012, the Sprint Account was allegedly terminated with an outstanding balance (Sprint Debt). In September 2014, the Clear Account was allegedly terminated due to non-payment

1



and there was an outstanding amount due on the account (Clear Debt). RPM was allegedly employed by Sprint to collect the Sprint Debt and the Clear Debt. In November 2014, RPM allegedly began calling Bowles in an attempt to collect the Sprint Debt and Clear Debt. Bowles contends that she instructed RPM not to call her anymore, but that she continued to receive calls from RPM. Bowles contends that as a result she has suffered emotional distress. Bowles brought the instant action and includes in her complaint claims alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* (Count I), and claims alleging violations of the Illinois Collection Agency Act, 225 ILCS 425/1 *et seq.* (ICAA) (Count II). RPM argues that Bowles should be required to pursue her claims in arbitration and has brought the instant motion to compel arbitration.

## LEGAL STANDARD

The Federal Arbitration Act (FAA), 9 U.S.C. § 1 *et seq.*, provides "that a written provision in any contract evidencing an intent to settle by arbitration any future controversy arising out of such contract shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *French v. Wachovia Bank*, 574 F.3d 830, 834 (7th Cir. 2009)(internal quotations omitted)(quoting *Livingston v. Assocs. Fin., Inc.*, 339 F.3d 553, 556 (7th Cir. 2003) and 9 U.S.C. § 2). A party can bring an action in federal court to compel an opponent to submit to arbitration pursuant to 9 U.S.C. § 4. *Id.* A court "will

compel arbitration unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Service Workers Intern. Union v. TriMas Corp.*, 531 F.3d 531, 536 (7th Cir. 2008)(internal quotations omitted). When an arbitration agreement contains a broad arbitration provision, "there is a presumption in favor of arbitrability," and "[a]ny ambiguities as to the scope of the arbitration clause are resolved in favor of arbitration." *Id.* (internal quotations omitted); *see also Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Intern., Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993)(stating that the Court should "[b]ear[] in mind the Supreme Court's instruction that 'any doubt concerning the scope of arbitrable issues should be resolved in favor of arbitration'")(quoting in part *Moses H. Cone Mem. Hosp. v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1985)); *Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998)(stating that "once it is clear the parties have a contract that provides for arbitration of some issues between them, any doubts concerning the scope of the arbitration clause are resolved in favor of arbitration"); *see also Gore v. Alltel Communications, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012)(stating that "because arbitration is a matter of contract, 'a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit'")(quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)).

## DISCUSSION

RPM contends that when Bowles activated her Sprint Account she agreed to certain Terms and Conditions for the Sprint Account (Terms and Conditions) that included an arbitration clause (Sprint Arbitration Clause), and that when she activated her Clear Account, she agreed to certain Terms of Service for the Clear Account (Terms of Service) that included an arbitration clause (Clear Arbitration Clause). Bowles argues that RPM lacks standing to seek arbitration and that even if RPM has standing, there is no basis to compel arbitration.

I. Standing

Bowles argues that RPM lacks standing to enforce the terms of the Sprint Arbitration Clause or the Clear Arbitration Clause. It is undisputed that RPM is not a party to either of the agreements that contain the Sprint Arbitration Clause or the Clear Arbitration Clause. One of the recognized prudential limitations on standing is that "a litigant generally must assert his own legal rights and interests and cannot assert the legal rights or interests of third parties." *Dunnet Bay Const. Co. v. Borggren*, 799 F.3d 676, 688-89 (7th Cir. 2015)(internal quotations omitted)(quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). In *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682 (7th Cir. 2005), which Bowles relies upon, the court acknowledged that one basis for enforcement of a contract is via an assumption or agency relationship. *Id.* at 687. In the instant action RPM has provided evidence showing that it is a valid assignee and agent of the Sprint Account and Clear

4

Account by Sprint and Clear, and that RPM acted as an assignee and agent of Sprint and Clear. The Sprint Arbitration Clause explicitly grants the right to seek arbitration to agents of Sprint, covering "claims [the customer] bring[s] against [Sprint's] employees, agents, affiliates or other representatives . . . ." (DE 14-1: 8). In the Clear Arbitration Clause, Bowles is also specifically informed that Clear may assign the Clear Account "for collection," thus informing Bowles that third-party agents may act on behalf of Clear. (DE 41-2: 19).

Bowles questions whether RPM actually was an assignee or agent of Sprint and Clear, but Bowles has not presented any facts or evidence to call into doubt such a relationship. RPM on the other hand has provided evidence showing such a relationship. RPM has provided signed declarations from the Sprint Project/Program Manager and the Clear Customer Care Director of Business Process Management indicating that the Sprint Debt and Clear Debt were assigned to RPM for collection. (How. Dep. Par.12); (Jones Decl. Par.12). Nor has Bowles presented evidence to dispute the evidence presented by RPM that it was contacting Bowles to collect on the Sprint Debt and Clear Debt. Thus, in the instant action, RPM is asserting its rights as an assignee and agent of Sprint and Clear, and RPM has standing to seek arbitration.

II. Scope of Arbitration Clauses

Bowles argues that even if RPM has standing to seek arbitration, Bowles'

5

claims do not fall within the scope of the Sprint Arbitration Clause or the Clear Arbitration Clause. A federal court cannot deny a motion to compel arbitration on "an issue unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Gore*, 666 F.3d at 1032 (internal quotations omitted)(quoting *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999)).

A. Sprint Arbitration Clause

Bowles contends that the instant action does not fall within the scope of the Sprint Arbitration Clause. The Sprint Arbitration Clause states that the parties agree to arbitrate the following: "any claims or controversies against each other related in any way to our Services or the Agreement, including but not limited to, coverage, Devices, privacy, or advertising . . . ." (DE 41-1: 8). Bowles argues that this case relates only to improper phone calls by RPM and that this action is "not even loosely connected to the debts RPM claims that she owes." (Resp. 8). It is not accurate that there is no connection since it is undisputed that RPM, acting as an agent for Sprint, was contacting Bowles specifically to collect the debt owed to Sprint pursuant to the Terms and Conditions. Even if Bowles is correct that the collection efforts by RPM do not relate directly to the issue of the amounts she owes to Sprint, the Terms and Conditions address more than simply the calculation of fees and billing for debts. The Terms and Conditions address a variety of issues such as the dispute resolution

process. The Terms and Conditions also specifically address collection issues, informing Bowles for example, that she would be required to reimburse Sprint for "any costs [Sprint] pays to a collection agency to collect unpaid balances from" Bowles. (DE 14-1: 10). The Sprint Arbitration Clause contains unambiguous broad language that covers all disputes "related in any way" to such Terms and Conditions. The instant action is based upon Bowles' alleged failure to make payments in accordance with the Terms and Conditions and in accordance with Sprint's right to engage in collection activities in accordance with the Terms and Conditions. The undisputed record shows that RPM was contacting Bowles as an agent of Sprint. Thus, the instant action directly relates to the "Agreement" referenced in the Sprint Arbitration Clause and clearly falls within the scope of the Sprint Arbitration Clause.

Bowles also makes a conclusory statement that there are no facts showing that she agreed to enter into the Terms and Conditions. However, the Terms and Conditions explicitly informed Bowles that by taking certain actions, such as attempting to use the services under the Sprint Account, she was agreeing to be bound by the Terms and Conditions. Bowles has not presented any evidence to call into doubt the fact that she engaged in conduct that constituted acceptance of the Terms and Conditions.

### B. Clear Arbitration Clause

Bowles contends that the instant action does not fall within the scope of the

Clear Arbitration Clause. The Clear Arbitration Clause states that the parties agree to arbitrate the following: "all disputes between the parties, except" as otherwise provided in the Terms of Service. (DE 14-2: 19). Bowles could have, for example, opted out of the Clear Arbitration Clause, but there is no evidence that she chose to do so. The instant action is based upon Bowles' alleged failure to make payments in accordance with the Terms of Service and in accordance with Clear's right to engage in collection activities in accordance with the Terms of Service. The undisputed record shows that RPM was contacting Bowles as an agent of Clear. Thus, the instant action clearly falls within the scope of the Clear Arbitration Clause. The evidence also shows that Bowles agreed to the Terms of Service by using the services provided under the Clear Account.

Bowles agreed to arbitrate disputes regarding the Terms and Conditions and Terms of Service in broad and unambiguous arbitration clauses and any doubts as to the scope of such clauses must be resolved in favor of arbitration. *See Gore*, 666 F.3d at 1032 (stating that if it is clear "that the parties have a contract that provides for arbitration of some issues between them, any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law"). Thus, this court is not the proper forum in which to pursue claims against RPM. The alternative dispute resolution process in arbitration is intended to allow parties to avoid the costs associated with civil litigation. To allow this case to proceed further and the parties to incur additional costs is not consistent with the goals of the FAA. Based on the above, the motion to compel arbitration is granted and the instant action is dismissed.

## CONCLUSION

Based on the foregoing analysis, RPM's motion to compel arbitration is granted and the instant action is dismissed.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 24, 2016